UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MISAEL AVILA AND SERGIO AVILA,<br><br>                  Plaintiffs,<br>       v.<br><br>NAIMAT KADAH INTERNATIONAL, INC. DOING BUSINESS AS KABAB AND CURRY'S, ET AL.,<br><br>                  Defendants. | Case No.: 5:11-CV-01771-PSG<br><br>**ORDER FOLLOWING FINAL PRE-TRIAL CONFERENCE**<br><br>**(Re: Docket Nos. 21, 26, 34)** |

Pending before the court are the parties' motions in limine: (1) Plaintiffs Misael Avila and Sergio Avila's (collectively, "Plaintiffs") motion to preclude any evidence, or mention, of their immigration status; (2) Plaintiffs' motion to preclude any evidence denying the allegations in the complaint and to have deemed admitted all of the allegations in the complaint, except as to damages; and (3) Defendants Naimat Kadah International, Inc. doing business as Kabab and Curry's and Mohammad Usman's (collectively, "Defendants") motion to exclude from trial all witnesses and documents not previously disclosed by Plaintiffs. Except for the motion relating to any evidence of, or mention of, Plaintiffs' immigration status, the parties oppose each other's respective motions. On June 19, 2012 the parties appeared for a final pre-trial conference and a hearing on the motions. Having reviewed the papers and considered the arguments of counsel,

1

Case No: 5:11-01771-PSG
ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion to exclude any evidence, or mention of, Plaintiffs' immigration status during the course of the trial is GRANTED.

Plaintiffs move to preclude any evidence, or mention of, Plaintiffs' immigration status during the course of the trial on the grounds that such evidence is not relevant and prejudicial.

Defendants do not oppose the motion.

The court agrees with both parties. All employees, regardless of their immigration status, enjoy the protection of the FLSA.[1]

IT IS FURTHER ORDERED that Defendants' motion to exclude all witnesses and documents from trial not previously disclosed by Plaintiffs is DENIED.

Defendants contend that Fed. R. Civ. P. 37(c)(1) precludes a party from calling any witnesses, or admitting into evidence any information, not previously disclosed by a party in its initial disclosures.

Plaintiffs respond that their witness and exhibit lists were served on June 13, 2012, well within the time frame provided by Fed. R. Civ. P. 26(a)(3)(A)(i). Plaintiffs therefore argue that they are in compliance with Rule 37(c).

The court agrees with Plaintiffs. Plaintiffs provided their witness and exhibit lists as required by the rule.

IT IS FURTHER ORDERED that Plaintiffs' motion to preclude any evidence denying the allegations in the complaint, and to have deemed admitted all of the allegations, except to damages, is DENIED.

Plaintiffs contend that Defendants' answer is insufficient and that as a result, all of the allegations, except to damages, should be deemed admitted.

---

[1] *See Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1058-59 (N.D. Cal. 2002) ("[U]ndocumented aliens continue to be 'employees' covered by the FLSA."); *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988).

2
Case No: 5:11-01771-PSG
ORDER

Defendants concede that their answer fails to satisfy Fed. R. Civ. P. 8 but request that they be allowed to file an amended answer. Their opposition papers include a draft answer as well as twenty-three new affirmative defenses. Both parties had agreed to enter a stipulation to allow amended pleadings. As part of the stipulation, Plaintiffs also agreed that they would not "seek default based on alleged deficiencies in the [original] Answer."[2] While both parties participated in drafting the stipulation, neither of them acted to finalize it.

Rule 8 requires a party answering a pleading to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."[3] "A denial must fairly respond to the substance of the allegation."[4] "A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial."[5] "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."[6] If the allegation is not denied according to the rules, the allegation is admitted.[7] Under Fed. R. Civ. P. 12(f), the court on its own may strike from a pleading an insufficient defense.[8]

Defendants' answer does not satisfy the Rule 8 requirements and they concede as much.[9] Based on the parties' conduct, however, and Defendants' understanding that under a proposed stipulation, they would be permitted to file an amended answer, the court is persuaded that fairness

---

[2] *Id.* at 2:5-8.

[3] Fed. Rule Civ. P. 8(b)(1).

[4] Fed. Rule Civ. P. 8(b)(2).

[5] Fed. Rule Civ. P. 8(b)(3).

[6] Fed. Rule Civ. P. 8(b)(4).

[7] *See* Fed. Rule Civ. P. 8(b)(6).

[8] *See* Fed. Rule Civ. P. 12(f).

[9] *See* Docket No. 13.

3

Case No: 5:11-01771-PSG
ORDER

requires allowing Defendants to file their amended answer with the following qualification – they may only allege affirmative defenses that were previously included in their first answer.

IT IS FURTHER ORDERED that Defendants' request to dismiss Plaintiffs' claims against Defendant Mohammed Usman ("Usman") is DENIED.

Defendants note in their trial brief that Plaintiffs have improperly named Usman as a defendant in the action. They contend that he is merely an officer and/or director in Naimat Kadah, a corporation that observes all corporate formalities and that Plaintiffs have failed to allege any facts whatsoever of alter-ego against him.

Plaintiffs have not opposed, or otherwise responded. to Defendants' arguments.

At this juncture, it is appropriate to allow Plaintiffs to present their evidence, if any, against Usman. In the complaint, Plaintiffs allege that Usman is an owner and/or officer of the corporation, Naimat Kadah. They contend that he has "effective economic control" of Naimat Kadah.  To the extent that Plaintiffs fail to demonstrate that he is the alter-ego of a corporation that follows all corporate formalities, Defendants may move to dismiss any claims against Usman upon completion of Plaintiffs' case pursuant to Fed. R. Civ. P. 60.

IT IS FURTHER ORDERED that the following trial schedule applies. Trial will begin on July 9, 2012 at 10AM and will continue until a jury has been selected. On July 10, 2012, the parties shall proceed with opening statements, their cases, and closing arguments. After further reflection, the court finds it appropriate to amend the previously set trial time limits. The parties are now allotted six hours, or three hours each, of total trial time, exclusive of opening and closing statements. Opening statements are limited to twenty minutes each and closing statements are limited to thirty minutes each.

IT IS FURTHER ORDERED that the court will select the appropriate jury instructions and jury verdict form at trial.

Case No: 5:11-01771-PSG
ORDER

4

**IT IS SO ORDERED.**

Dated:  7/6/2012

_____
PAUL S. GREWAL
United States Magistrate Judge