UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MISAEL AVILA AND SERGIO AVILA,<br><br>                     Plaintiffs,<br>     v.<br><br>NAIMAT KADAH INTERNATIONAL INC.<br>DBA KABAB AND CURRY'S, MOHAMMAD<br>USMAN, DOES 1 TO 10,<br><br>                     Defendants. | Case No. 5:11-cv-01771 PSG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES** |

The court has before it a motion to recover attorney fees incurred in bringing a successful motion to enforce a settlement agreement. Defendant Naimat Kadah International Inc. ostensibly filed an opposition brief, but the first eight pages of that ten-and-a-half-page brief argue exclusively that the court erred in granting the motion to enforce settlement, and the court should reconsider its decision.[1] Especially in the absence of any suggestion that the requirements for leave to file a motion for reconsideration under Civ. L. R. 7-9(a) have been met, the court declines Naimat's invitation to *sua sponte* reverse its decision. The court turns instead to the merits of the

---

[1] *See* Docket No. 62. The court addressed the major concerns raised by Naimat in its original order enforcing the settlement agreement. *See* Docket No. 59 at 3-4.

1

Case No. 5:11-cv-01771 PSG
ORDER GRANTING MOTION FOR ATTORNEY FEES

instant motion.

The settlement agreement in this matter specifically provides that "plaintiffs . . . are entitled to reasonable expenses, including attorney's fees, in enforcing the Agreement."[2] Naimat presents two substantive arguments as to why that provision should not be applied to allow attorney fees here. First, it alleges that Adam Wang, counsel for Plaintiffs Misael and Sergio Avila, improperly utilized "block-billing" such that the court cannot evaluate the reasonableness of his fees, and second, it argues that the motion does not demonstrate the level of detail or quality legal work that would justify an award of attorneys fees.[3]

Having reviewed the billing records submitted,[4] the court cannot agree with Naimat's characterization of Wang's billing practices. The largest single entry is 6.75 hours spent reviewing the settlement agreement and communication history surrounding it, conducting research, and drafting the motion to enforce. A single attorney conducted this work, and while Wang admits that it does not represent "the exemplar of legal research,"[5] it involved detailed document review and a legal question outside his area of expertise, so the inefficiency is understandable. This is a far cry from practices this court has found unacceptable in the past, such as "separating the hours only by motion."[6] As to Naimat's second complaint, the court finds that it is reasonable to spend 35.65

---

[2] *See* Docket No. 61-1.

[3] *See* Docket No. 62 at 9-10.

[4] *See* Docket No. 61-1.

[5] *See* Docket No. 66 at 1.

[6] *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 5:11-01846-LHK (PSG), 2012 WL 5451411 at *5 (N.D. Cal. Nov. 7, 2012).

hours, effectively four days, researching, drafting, and arguing two sets of motions and replies.[7]

Avila's motion for attorney fees therefore is GRANTED in the full amount of $17,049.26.

**IT IS SO ORDERED.**

Dated: March 25, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[7] The court includes the two hours disclosed in Avila's reply brief, *see* Docket No. 67 at 3, in this calculation, meaning that the full total covers both the motion to enforce the settlement agreement and the motion for attorney fees.